# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

ANTOINE ELTORIO TERRY,

    Movant,

v.                                                                              Case No. 2:22-cv-00137
                                                                             Case No. 2:20-cr-00036

UNITED STATES OF AMERICA,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant, Antoine Eltorio Terry's ("Defendant") Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 42). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

### I.    RELEVANT PROCEDURAL HISTORY[1]

*A.    Defendant's district court criminal proceedings.*

In early to mid-2018, the Federal Bureau of Investigation ("FBI") conducted a lengthy, multi-district investigation of a methamphetamine trafficking organization operating in and around Parkersburg, Wood County, West Virginia, and elsewhere. During the investigation, which involved court-authorized wiretap surveillance of cellular

---

[1] The undersigned's citations to the district court record herein will refer to the docket entries as "ECF No. ___" and will use the pagination appearing at the top of the ECF document (which may differ from the page numbers appearing within the document itself, such as transcript pagination).

telephones used by Defendant and others, the FBI identified Defendant as a significant member of the organization.

As addressed in detail in the Presentence Investigation Report ("PSR"), on September 19, 2018, after traveling from Parkersburg, West Virginia to Dayton, Ohio, Defendant, Aurelius Edmonds ("Edmonds"), Todd Land ("Land"), Troy Pastorino ("Pastorino"), and Terrence McGuirk ("McGuirk") intended to take possession of a large drug shipment consisting of approximately 121 pounds of "ICE" methamphetamine and 13.2 pounds of cocaine that had been delivered from Phoenix, Arizona and placed in a rental storage unit. (Case No. 2:20-cr-00036, ECF No. 26 at 10). However, police intercepted the shipment and arrested the men. (*Id.*)

On September 27, 2018, a federal grand jury returned a single-count indictment charging these men with conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. § 846. (Case No. 2:18-cr-00225, ECF No. 9). On October 10, 2018 and September 11, 2019 (*Id.*, ECF Nos. 19, 492) superseding indictments were returned charging a total of 17 defendants with various offenses arising from the drug conspiracy; however, Defendant was named only in Count One charging conspiracy to distribute 500 grams or more of methamphetamine. (*Id.*)

Defendant filed no pretrial motions. However, several other defendants filed pretrial motions to suppress evidence or otherwise exclude it from trial. Specifically, McGuirk and Edmonds filed motions to suppress evidence obtained from the wiretaps on several grounds including lack of probable cause and use of false information. (*Id.*, ECF Nos. 624, 636). Those motions were denied by the District Court. None of the defendants argued that the District Court should be recused from ruling on the pretrial motions or otherwise presiding over the case.

On February 4, 2020, after jury selection, Defendant decided to plead guilty, pursuant to a written plea agreement, to a single-count information charging him with conspiracy to distribute 500 grams or more of cocaine in violation of 21 U.S.C. § 846. (Case No. 2:2:20-cr-00036, ECF No. 1, 3, 5).[2] Under the terms of the plea agreement, the United States agreed to dismiss case number 2:18-cr-00225 against Defendant. (ECF No. 5 at 2). The plea agreement contained a non-binding agreed-upon proposed Guideline base offense level of 30. (*Id.* at 6). The plea agreement also contained waiver provisions concerning a direct appeal of Defendant's guilty plea and conviction and any sentence calculated within Guideline levels 28-30 or a collateral attack unless based on ineffective assistance of counsel. (*Id.* at 6-7).

Defendant's PSR calculated his base offense level using only cocaine. However, prior to sentencing, the Court inquired as to whether both the cocaine and the methamphetamine should be attributed to Defendant as offense and relevant conduct, which increased his base offense level from 30 to 38, and the total offense level to 36. The United States filed a memorandum affirming that the guideline calculation should include both the cocaine and the methamphetamine, but nevertheless arguing that the disparity between the plea agreement and increased base offense level should be resolved in Defendant's favor. (ECF No. 21). At sentencing, the Court attributed the full amount of methamphetamine and cocaine in determining the base offense level; however, it varied substantially downward from the applicable advisory guideline range of 262-327 months and imposed a sentence of 120 months of imprisonment, followed by a four-year term of

---

[2] As the United States agreed to dismiss Case No. 2:18-cr-00225 against Defendant, a new case number, 2:20-cr-00036, was opened to address the Information filed against him. From this point forward, the undersigned will cite to docket entries from Case No. 2:20-cr-00036 or the accompanying civil action, Case No. 2:22-cv-00137, which uses the same docket entry numbers.

3

supervised release. Defendant's judgment was entered on October 15, 2020. (ECF No. 23). Defendant did not appeal his conviction or sentence to the United States Court of Appeals for the Fourth Circuit.

### B. *The instant § 2255 motion and related briefing.*

On February 15, 2022, Defendant filed the instant § 2255 motion raising various claims of ineffective assistance of counsel. Specifically, Defendant claims that his counsel, John A. Carr ("Carr"), provided ineffective assistance of counsel by: (1) not consulting with him about filing an appeal and, thereafter, not filing a notice of appeal; (2) not seeking the District Court's recusal from presiding over the motion to suppress wiretap evidence; and (3) not raising a claim that the Southern District of West Virginia lacked jurisdiction and venue over the prosecution. Defendant also argues that the District Court abused its discretion when it denied motions to suppress evidence filed by his co-defendants.

The undersigned directed Carr to file an affidavit responding to Defendant's specific allegations and ordered briefing of the § 2255 motion by the parties. (ECF No. 45). On May 20, 2022, Carr filed his affidavit. (ECF No. 46). On June 21, 2022, Respondent filed its response to the 2255 motion. (ECF No. 47). Defendant did not file a timely reply brief. Rather, over a year later, on August 25, 2023, Defendant filed a "Motion under Rule 22 Application for Individual Justice" (ECF No. 48), which the undersigned construes as a motion to expedite and for a hearing. That motion document, however, does not address the merits of Defendant's claims for relief.

### II.    STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a movant must prove by a preponderance of the evidence that "[his] sentence was imposed in violation of the Constitution or laws of the United

States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law. . . ." 28 U.S.C. § 2255 (2012); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *Sutton v. United States of America*, No. 2:02-cr-65, 2:05-cv-91, 2006 WL 36859, at *2 (E.D. Va. Jan. 4, 2006) ("A motion collaterally attacking a prisoner's sentence brought pursuant to § 2255 requires the [movant] to establish his grounds by a preponderance of the evidence."). If the § 2255 motion, along with the records of the case, "conclusively show that [the movant] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

#### A. *Claims of ineffective assistance of counsel.*

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id.* at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id.* at 690. This inquiry is directed at whether defense counsel's representation

5

"amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* at 88.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id.* at 697. Using the *Strickland* standard, the undersigned will address each of Defendant's claims of ineffective assistance of counsel raised in his § 2255 motion.

    1.    Failure to file direct appeal.

In his first ground for relief, Defendant summarily contends that Carr failed to file a direct appeal on his behalf. However, as asserted by Respondent, Defendant provides no corroborative evidence supporting his bald assertion that Carr failed to both discuss his appellate rights with him and to file an appeal. Conversely, Carr's affidavit asserts that, both before and after the sentencing hearing, he did discuss the appeal issue with Defendant, who appeared to be pleased with the reduced sentence he received, and that they agreed that there was no basis for filing an appeal. (ECF No. 46 at 3). Carr's affidavit notes that Defendant's plea agreement reduced and limited his sentencing exposure and resulted in a substantially lower sentence. (*Id.*) Defendant has failed to rebut this evidence.

Moreover, Defendant's plea agreement contained an appellate waiver provision and filing an unwarranted appeal could have resulted in an argument by the government that he breached the plea agreement if he pursued an appeal. Respondent further asserts that any appeal "would almost certainly have been dismissed under the plea agreement's appellate waiver" and "[t]here is nothing in the record to suggest that the plea was not knowingly and intentionally entered or that there were appealable errors occurring in the trial court." (ECF No. 47 at 7-8). Thus, Respondent asserts that Defendant fails to satisfy both the performance and prejudice prongs of *Strickland*. (*Id.*)

The Fourth Circuit Court of Appeals has held that "a criminal defense attorney's failure to file a notice of appeal when requested by his client deprives the defendant of his Sixth Amendment right to the assistance of counsel, notwithstanding that the lost appeal may not have had a reasonable probability of success." *United States v. Peak*, 992 F.2d 39, 41-42 (4th Cir. 1993). Further, in *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000), the United States Supreme Court recognized that "[i]f counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Thus, the failure to consult with a criminal defendant about his intent to seek an appeal, or the failure to file an appeal upon request, constitutes *per se* ineffective assistance of counsel that gives rise to a presumption of prejudice. *United States v. Crawford*, 161 F.3d 4 (4th Cir. 1998); *United States v. Peak*, 992 F.2d 39, 42 (4th Cir. 1993). Where there is a genuine issue of material fact concerning whether defense counsel consulted with a defendant or failed to file an appeal as instructed, an evidentiary hearing is normally required. *Soto v. United States*, No. 2:21-cr-30, 2024 WL 3974237, at *5 (E.D. Va. Aug. 28, 2024) (Where a petitioner provides

sworn evidence that he directed his counsel to file a notice of appeal and counsel files an affidavit denying such claim, an evidentiary hearing is typically necessary to determine which sworn account is credible."); *see also United States v. Diaz*, 547 F. App'x 303, 304 (4th Cir. 2013) (finding that the district court abused its discretion by failing to conduct an evidentiary hearing when there were conflicting sworn statements about whether the petitioner directed his counsel to file an appeal).

Nonetheless, "[a] movant must make specific allegations establishing reason to believe that, if the facts are fully developed, he is entitled to relief." *Taylor v. United States*, No. 2:14-cr-00184, 2019 WL 7172958, at *3 (S.D.W. Va. Oct. 1, 2019), *report and recommendation adopted*, 2019 WL 7171330 (S.D.W. Va. Dec. 24, 2019) (citing *United States v. Roane*, 378 F.3d 382, 403 (4th Cir. 2004)). As noted in *Taylor*:

> The Fourth Circuit has recognized that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess,* 730 F.3d 354, 359 (4th Cir. 2013)(citing *United States v. Thomas*, 221 F.3d 430, 437 (3rd Cir. 2000)); *also see Blackledge v. Allison*, 431 U.S. 63, 74, 97 S. Ct. 1621, 1629, 52 L. Ed.2d 136 (1997)(the "presentation of conclusory allegations unsupported by specifics is subject to summary dismissal"); *United States v. McClellan*, 2017 WL 2822315 (3rd Cir. Jan. 3, 2017)(finding petitioner's conclusory allegations of the ineffective assistance of counsel were insufficient); *United States v. Faria*, 268 Fed. Appx. 730 (10th Cir. 2008)(conclusory allegations of ineffective assistance of counsel were insufficient to warrant habeas relief); *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995)(finding habeas relief was unwarranted based on "conclusory allegations which are not supported by a statement of specific facts"); *Andiarena v. United States*, 967 F.2d 715, 719 (1st Cir. 1992)(finding summary dismissal appropriate where petitioner's claim was "wholly conclusory").

2019 WL 7172958, at *3.

Here, Defendant provides no factual support for the conclusory assertion in his motion that Carr failed to file a direct appeal upon his request, and he has wholly failed to rebut the factual assertions made by Carr in his affidavit. Thus, the vague and

8

conclusory assertion contained in Defendant's motion should be subject to summary dismissal without an evidentiary hearing. *See Davis v. United States*, No. 2:12-cr- 00120, 2017 WL 1788687, at *3 (S.D.W. Va. Feb. 23, 2017), *report and recommendation adopted*, 2017 WL 1821109 (S.D.W. Va. May 4, 2017); *Grayson v. United States*, 2010 WL 3978809 (N.D.W. Va. Sept. 15, 2010) (dismissing conclusory claim of ineffective assistance of counsel based upon counsel's failure to file an appeal). "The petition must come forward with evidence that the claim has merit." *Nickerson v. Lee*, 971 F.2d 1125 (4th Cir.1992) *cert. denied*, 507 U.S. 923 (1993), *abrogation on other grounds recognized, Yeatts, v. Angelone*, 166 F.3d 255 (4th Cir. 1999). Accordingly, "unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing." *Id.* at 1136. Therefore, Defendant is not entitled to any relief under § 2255 on this basis.

  2.  Failure to seek recusal.

Defendant next argues that he received ineffective assistance of counsel because Carr did not move the presiding District Judge to recuse herself from presiding over the case – specifically over motions filed by his codefendants to suppress the wiretap evidence – because the presiding District Judge also issued the wiretap warrants during the investigation. Defendant asserts only that, by issuing the wiretap warrants, the Court's "impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Defendant's motion further asserts:

> The district court judge who ruled on the Title III suppression motions is the judge who granted six Title III orders in the investigation of this matter, and the same judge who denied that suppression motion is the judge who presided over the trial and sentenced Mr. Terry. Terry's counsel should have objected to the district judge's continued participation in decision making as to the suppression motion, and in the trial or sentencing. The particular circumstances of a judge's participation in the issuance of warrants may be disqualifying if that involvement might be termed participation in preindictment investigations. *United States v. Zarowitz,*

9

> 326 F. Supp. 90, 92-94 (C.D. Cal. 1971)).  Counsel should have asked the district court judge to recuse herself from ruling on the motions to suppress evidence obtained pursuant to her own orders.

(ECF No. 42 at 10-11).  However, Defendant fails to identify any specific extrajudicial information that the presiding District Judge allegedly garnered from her review of the wiretap applications or how such knowledge created an undue personal bias or prejudice. At most, Defendant baldly states that "the district court's wiretap orders involved probable cause determinations, and the court engaged in *ex parte* review of voluminous materials that were prejudicial to Defendant and involved alleged violations of law that were not charged in the indictment." (*Id.* at 11).  He further summarily states that "the court referenced the wiretaps" during sentencing without any further explanation of how that was allegedly inappropriate.  (*Id.*)  Defendant further makes the conclusory assertion that, "[b]ut for this error on the part of trial counsel, there is a reasonable probability that . . . the results of the proceeding would have been different." (*Id.* at 12).

Under 28 U.S.C. § 455(a), recusal is warranted when the Court's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Section 455(b)(1) further provides that a judge "shall disqualify himself . . . where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  This appears to be the relevant applicable authority.

Impartiality is questioned where a defendant establishes that a Court has "personal bias or prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  As noted by Respondent, however, for purposes of recusal, bias "must derive from an extra-judicial source."  *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987); *see also, Liteky v. United States*, 510 U.S. 540 (1994).  Such extra-judicial sourced bias refers to opinion or disposition that is "wrongful or inappropriate, either because it is undeserved, or because

it rests upon knowledge that the [Court] ought not to possess." *Liteky*, 510 U.S. at 550. (ECF No. 47 at 8-9). Generally, "[j]udicial rulings, routine trial administration efforts, and ordinary admonishments (whether or not legally supportable) to counsel and to witnesses" are inadequate to prove § 455 bias unless they are based upon "knowledge obtained outside such proceedings" or "display[] deep-seated and unequivocal antagonism that would render fair judgment impossible." *Id.* at 556. (*Id.* at 9).

Moreover, while no specific Fourth Circuit authority has been located by the undersigned, it is well-settled in our sister circuits that a judicial officer's issuance of search warrants or wiretap applications is not an "extrajudicial source" and does not require recusal of the judge from presiding over subsequent proceedings in the same case. *See, e.g., United States v. Jones*, 801 F.2d 304 (8th Cir. 1986); *United States v. Lawson*, 780 F.2d 535 (6th Cir. 1985) (collecting cases); *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983); *see also United States v. Henry*. No. 1:08-cr-83-1, 2008 WL 5110856, *2-3 (N.D.W. Va. Dec. 3, 2008).

Notably, Defendant did not file his own motions to suppress, and, contrary to his assertion, there is nothing in the court record to suggest that he joined in the motions filed by his co-defendants. Nonetheless, Carr's affidavit states that he discussed the recusal issue with Defendant and explained that there was no legitimate basis upon which to file such a motion. (ECF No. 46 at 3; ECF No. 47 at 9). Respondent asserts that this was reasonable and accurate legal advice and, thus, Defendant has failed to prove that Carr's performance was unreasonable under *Strickland*. (*Id.*) The undersigned agrees.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not established that Carr's performance fell below an objective standard of reasonableness with respect to failing to seek the recusal of the presiding

District Judge; nor can Defendant show the requisite prejudice from that action to demonstrate a Sixth Amendment violation based upon ineffective assistance of counsel or to otherwise warrant relief under § 2255 herein.

        3.      Failure to challenge jurisdiction and venue.

Defendant's final claim of ineffective assistance of counsel asserts that Carr failed to argue that the United States District Court for the Southern District of West Virginia lacked jurisdiction over the case because it was not the proper venue for prosecution. This claim appears to be grounded in the multiple alleged agreements that formed the basis of this drug conspiracy and whether the agreement or acts performed by Defendant occurred within the Southern District of West Virginia. (ECF No. 42 at 14-15). Defendant further asserts that, because a jury was selected before he agreed to plead guilty to the conspiracy, jeopardy attached at that point and, should his conviction be overturned for any reason, he could not be retried. (*Id.* at 15-16).

Respondent asserts that Defendant misunderstands the law concerning offenses that are committed in multiple districts and, thus, his argument is meritless. (ECF No. 47 at 10). Respondent further contends that, under 18 U.S.C. § 3287(a), "any offense against the United States begun in one district and completed in another, or committed in more than one district, may be . . . prosecuted in any district in which such offense was begun, continued, or completed." *Accord United States v. Cofield*, 11 F.3d 413, 419 (4th Cir. 1993). (*Id.*)

As noted by Respondent, Defendant was convicted of conspiracy to distribute cocaine based upon stipulated facts demonstrating that Defendant committed acts in furtherance of the conspiracy in both the Southern District of West Virginia and the Southern District of Ohio. (*Id.* at 10, citing Pl. Agreement, Case No. 2:20-cr-00036-1,

ECF No. 5 at 10-11). According to the stipulation of facts and other evidence, Defendant made telephone calls from the Southern District of West Virginia to facilitate the purchase and delivery of the cocaine and further intended to use drug proceeds to fund living expenses in the Southern District of West Virginia. (*Id.*) Thus, Respondent correctly asserts that, even though police seized the drug shipment and arrested Defendant in Ohio, the offense was begun and continued within the Southern District of West Virginia.

Carr's affidavit demonstrates that he explained the jurisdiction and venue issue to Defendant prior to his guilty plea. (ECF No. 46 at 3). Defendant did not rebut this evidence. Therefore, he has failed to prove that his counsel's performance was unreasonable under *Strickland*. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated a right to relief under § 2255 based upon this claim.

  B. *Defendant's other grounds for relief.*

In addition to his ineffective assistance of counsel claims, Defendant seeks to vacate his conviction on the basis that the Court abused its discretion when it denied a motion to suppress evidence - an issue raised for the first time in the instant motion. As noted above, however, Defendant did not move to suppress evidence in the District Court. While he argues that he joined suppression motions filed by codefendants, there is nothing in the record to support this contention. Moreover, Respondent correctly asserts that litigating the admissibility of evidence is not within the purview of § 2255. (ECF No. 47 at 11).

Respondent further asserts that this claim is procedurally defaulted. (*Id.* at 11-12). As aptly noted by Respondent, "[f]ailure to raise an issue in the district court or on direct appeal is a procedural default." *See, e.g., United States v. Maxton*, 940 F.2d 103, 105 (4th

13

Cir 1991) (absent plain error, failure to object to evidence in the trial court precludes consideration of the issue on appeal); *Bousley v. United States*, 523 U.S. 614, 622 (1998) (a claim procedurally defaulted by failure to raise it on direct appeal may be raised in habeas only where defendant can demonstrate "'cause' and actual 'prejudice' . . . or that he is 'actually innocent'"). (*Id.*) "The existence of cause for a procedural default . . . must turn on something external, such as the novelty of the claim or the denial of the effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999). (*Id.*)

Defendant has not established a viable claim of ineffective assistance of counsel that could serve as cause for his procedural default of this evidentiary claim that was further waived by his knowing and voluntary guilty plea. Moreover, in light of his admissions and stipulations in his written plea agreement and during his plea colloquy, Defendant cannot establish a viable claim of actual innocence. Accordingly, he cannot overcome the procedural default of his evidence suppression claim.

Defendant's attempt to raise a cumulative error claim similarly fails. Generally, if none of a defendant's claims warrant relief individually, a court will decline to reverse for cumulative error. *United States v. Basham*, 561 F.3d 302, 330 (4th Cir. 2009). To be considered cumulatively, such errors must "so fatally infect the [proceeding] that they violated [its] fundamental fairness." *United States v. Bell,* 367 F.3d 452, 471 (5th Cir.2004). When "none of [the] individual rulings work[ ] any cognizable harm, . . . [i]t necessarily follows that the cumulative error doctrine finds no foothold . . . ." *United States v. Sampson,* 486 F.3d 13, 51 (1st Cir. 2007). Such is the case here. Defendant has failed to establish any individual constitutional errors based upon the claims raised in his § 2255 motion that could cumulatively "work [a] cognizable harm."

## IV.    RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 42) and his "Motion under Rule 22 Application to Individual Justice" (ECF No. 48), and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

November 12, 2024

Dwane L. Tinsley
United States Magistrate Judge